PAUL L. GALE, Bar No. 065873
paul.gale@troutman.com
NICHOLAS J. SCHUCHERT, Bar No. 307249
nicholas.schuchert@troutman.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Plaintiff
FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARADAY&FUTURE INC., <br><br> Plaintiff, <br><br> v. <br><br> ADIENT PLC, individually and as successor-in-interest to FUTURIS AUTOMOTIVE (US) INC., d/b/a FUTURIS GROUP, <br><br> Defendants. | Case No. 2:18-cv-8807 <br><br> **COMPLAINT FOR:** <br><br> **(1) BREACH OF CONTRACT** <br><br> **(2) UNJUST ENRICHMENT** <br><br> **(3) PROMISSORY ESTOPPEL** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Faraday&Future Inc., for its Complaint, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Adient PLC pursuant to 28 U.S.C. § 1332(b) in that Adient PLC has a regularly established place of business in this District.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 1367(a) because Plaintiff and Defendant have a regularly established place of

36673366

business in this District, and a substantial part of the events giving rise to this claim occurred in this District.

## THE PARTIES

4. Plaintiff Faraday&Future Inc. ("Faraday" or "Plaintiff") is a California corporation having its principal place of business at 18455 S. Figueroa Street, Gardena, California.

5. Upon information and belief, Defendant Adient PLC ("Adient" or "Defendant") is a foreign public limited company duly organized and existing in Dublin, Ireland, with a principal place of business in Plymouth, Michigan. At all times relevant herein, Adient has conducted business in the state of California.

## FACTUAL BACKGROUND

6. Faraday is a start-up technology company focused on the development of intelligent electric vehicles. Faraday began its development of electric vehicles in 2014.

7. Adient is a leading automotive seat manufacturer.

8. Futuris is a full-seating systems manufacturer with a focus on automotive vehicle seating systems.

9. Upon information and belief, Adient acquired Futuris through a stock purchase agreement on or about September 25, 2017.

10. Upon information and belief, Adient's acquisition of Futuris included all debt and liabilities of Futuris.

11. In 2015, Faraday and Futuris began negotiating the engagement of Futuris to provide engineering, design, and testing ("ED&T") services to Faraday for developing prototype automotive seating systems in Faraday electric vehicles.

12. On or about June 15, 2015, Faraday and Futuris entered into a Development Services Agreement pursuant to which Futuris agreed to provide ED&T services (the "Services") to Faraday.

1   13.    A true and accurate copy of the Development Services Agreement is
2   attached as Exhibit A.
3   14.    On or about October 1, 2015, Faraday issued Futuris a purchase order
4   under the Development Services Agreement, pursuant to which Futuris agreed to
5   provide the Services for, among other things, automotive seating and Faraday
6   agreed to Futuris the amount of $11,515,470.
7   15.    A true and accurate copy of the October 1, 2015 Purchase Order is
8   attached as Exhibit B.
9   16.    On or about October 10, 2015, Faraday and Futuris entered into a
10  Revised Development Services Agreement adding Appendix A to provide a Scope
11  of Work for production (together, with the June 15, 2015 Development Services
12  Agreement, the "DSA").
13  17.    A true and accurate copy of the Revised Development Services
14  Agreement is attached as Exhibit C.
15  18.    In accordance with the DSA, on or about February 1, 2016, Futuris
16  sent a proposal to Faraday for additional costs relating to the Services to be
17  provided to Faraday to develop automotive seating systems in prototype Faraday
18  electric vehicles.
19  19.    On or about February 24, 2016, Faraday issued a purchase order under
20  the DSA which accepted Futuris' proposal for additional costs relating to the
21  Services and stated that Faraday would pay Futuris the additional amount of
22  $2,925,000.
23  20.    A true and accurate copy of the February 24, 2016 Purchase Order is
24  included is attached as Exhibit D.
25  21.    Faraday began making payments to Futuris pursuant to the DSA.
26  22.    During the Summer of 2016, Faraday fell behind in making payments
27  to Futuris.
28

23. On or about December 9, 2016, Futuris filed suit against Faraday in the Superior Court of the State of California for the County of Los Angeles, Central District, Case No. BC 643406, to collect payment for services and goods allegedly provided under the DSA.

24. On or about December 14, 2016, Faraday and Futuris entered into a Forbearance Agreement, the purpose of which was to resolve claims related to the DSA, the Services, the state court litigation filed by Futuris, and to allow Faraday and Futuris to continue their business relationship.

25. A true and accurate copy of the December 14, 2016 Forbearance Agreement is attached as Exhibit E.

26. Pursuant to the terms of the Forbearance Agreement, Faraday agreed to remit a total of Ten Million Dollars ($10,000,000) for amounts Futuris contended it was owed in connection with Futuris' provision of goods and Services pursuant to the DSA.

27. Faraday remitted Ten Million Dollars ($10,000,000) to Futuris pursuant to the Forbearance Agreement, with the final payment completed on or about February 28, 2017.

28. After completing payment, Faraday discovered that the purchase orders and invoices comprising the basis for the Ten Million Dollars ($10,000,000) paid pursuant to the Forbearance Agreement did not align.

29. Rather, Faraday discovered that Futuris had overbilled Faraday for the Services.

30. On or about May 17, 2017, Futuris, through its Vice President Dave Gordon, emailed "a proposal to restart formal development activity" with Faraday.

31. In a letter attached to the same May 17, 2017 email, Futuris explained that the "premise for the work is that Futuris over-billed slightly on the Beta 60/40 seat activity and we will now do this work for [Faraday] as compensation settlement."

32. A true and accurate copy of the May 17, 2017 email, and its attachments, from Futuris to Faraday is attached as Exhibit F.

33. Between May 17, 2017 and Fall of 2017, in an effort to continue its business relationship with Futuris, Faraday continued discussing and calculating the amount that Futuris overbilled Faraday.

34. On or about September 13, 2017, Faraday sent a demand letter to Futuris for an overbilled amount initially calculated to total $4,137,238.80.

35. On or about September 25, 2017, before Futuris repaid Faraday or provided the Services, Defendant acquired Futuris.

36. Upon information and belief, Defendant, through its acquisition of Futuris, received the benefit of, *inter alia*, the amount Futuris overbilled Faraday.

37. Upon information and belief, Defendant, through its acquisition of Futuris, acquired all debt and liabilities of Futuris, which would include any liability under the Forbearance Agreement and contractual duties under the DSA.

38. After Defendant's acquisition of Futuris, on or about October 26, 2017, Faraday sent a demand letter to Defendant advising them of the overbilled amount and of Defendant's obligation to remit the overpaid amount to Faraday.

39. After receiving Faraday's October 26, 2017 demand letter, Defendant and Faraday began negotiations for Defendant to remit the overbilled amount to Faraday and to provide automotive seating and design services governed by the DSA.

40. On or about December 12, 2017, Defendant sent Faraday an initial quote for those services and goods.

41. On or about January 4, 2018, Faraday issued a purchase order ("PO") 4200000081 to Defendant for startup costs in the amount of $2,960,560.

42. A true and accurate copy of PO 4200000081 is attached as Exhibit G.

43. On or about January 4, 2018, Faraday paid Adient $2,960,560 pursuant to PO 4200000081.

44. On or about January 16, 2018, Faraday issued PO 4200000082 for additional Beta startup costs. (POs 4200000081 and 4200000082 are together referred to as the "Subject POs".)

45. A true and accurate copy of PO 4200000082 is attached as Exhibit H.

46. On or about January 16, 2018, Faraday paid Defendant $1,890,721 pursuant to PO 4200000082, which together with the $2,960,560, totals $4,851,281.

47. On or about February 13, 2018, after collecting a total of $4,851,281 under the Subject POs, Adient terminated abruptly without justification the relationship and agreements with Faraday.

48. After cancelling the relationship and agreements, Adient required Faraday to pay shipping costs of $3,250 to return Faraday's intellectual property, documents, and material as defined in the Development Services Agreement.

49. A true and accurate copy of PO 4300004898 for shipping costs incurred by Faraday for the return of Faraday's intellectual property, documents, and material as defined in the Development Services Agreement is attached as Exhibit I.

50. A true and accurate copy of PO 4300000125 for shipping costs incurred by Faraday for the return of Faraday's intellectual property, documents, and material as defined in the Development Services Agreement is attached as Exhibit J.

51. Defendant has not provided any of the goods or services ordered pursuant to the Subject POs.

52. Defendant has not returned the amount equal to $4,851,281 paid pursuant to the Subject POs which Defendant abruptly terminated without cause and pursuant to which Defendant never performed.

53. Defendant has not remitted the amount overbilled under the Forbearance Agreement, which totals $4,137,238.80.

## FIRST CAUSE OF ACTION

### (Breach of Contract as to the Forbearance Agreement)

54. Faraday repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

55. Faraday and Adient, individually and through its predecessor Futuris, entered into contracts for services and the sale of goods.

56. Faraday complied in all material respects with its obligations under the contracts.

57. Adient had a contractual obligation to provide the goods and services as they became due.

58. Adient has failed to provide the goods and services as they became due.

59. Adient cancelled the contracts and relationship without providing any goods or services.

60. Because Adient has failed to provide the goods and services and has cancelled the contracts, Adient has breached the contracts.

61. As a direct, foreseeable and proximate consequence of the foregoing, Plaintiff has been damaged in an amount according to proof, but believed to be in excess of $5,000,000.

## SECOND CAUSE OF ACTION

### (In the Alternative, Unjust Enrichment/Restitution as to Amounts Overbilled under the Forbearance Agreement)

62. Faraday repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

63. Faraday conferred a benefit on Defendant by providing payment under the Forbearance Agreement to Adient and Adient's acquired company Futuris for goods and services that were never provided.

64. Adient accepted the payment provided by Faraday.

65. Adient failed to deliver the goods and services in exchange for the payment provided by Faraday.

66. It would be unjust to permit Defendant to retain the benefit.

67. Faraday has been damaged by Defendant's retention of this benefit in an amount not less than $5 million dollars in an amount to be determined by trial.

## THIRD CAUSE OF ACTION

### (Breach of Contract as to the Subject POs)

68. Faraday repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

69. Faraday and Adient entered into contracts for services and the sale of goods.

70. Faraday complied in all material respects with its obligations under the contracts.

71. Adient had a contractual obligation to provide the goods and services as they became due.

72. Adient has failed to provide the goods and services as they became due.

73. Adient cancelled the contracts and relationship without providing any goods or services.

74. Because Adient has failed to provide the goods and services and has cancelled the contracts, Adient has breached the contracts.

75. As a direct, foreseeable and proximate consequence of the foregoing, Plaintiff has been damaged in an amount according to proof, but believed to be in excess of $5,000,000.

## FOURTH CAUSE OF ACTION

**(In the Alternative, Unjust Enrichment/Restitution as to Amounts Paid under the Subject POs and for Shipping Costs)**

76. Faraday repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

77. Faraday conferred a benefit on Defendant by providing payment pursuant to the POs to Adient for goods and services that were never provided.

78. Defendant accepted the payment provided by Faraday.

79. Defendant failed to deliver the goods and services in exchange for the payment provided by Faraday.

80. It would be unjust to permit Defendant to retain the benefit.

81. Faraday has been damaged by Defendant's retention of this benefit in an amount not less than $5 million dollars in an amount to be determined by trial.

## FIFTH CAUSE OF ACTION

**(Promissory Estoppel)**

82. Faraday repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

83. Faraday and Defendant Adient, individually and through its predecessor Futuris, entered into contracts for services and the sale of goods.

84. In order to receive payment thereunder, Adient promised to provide goods and services.

85. Faraday reasonably relied on Defendant Adient's promise to provide goods and services.

86. Defendant Adient accepted the payments provided by Faraday.

87. Defendant Adient has failed to provide the goods and services promised in exchange for payment.

88. It would be unjust to permit Defendant Adient to retain the benefits of the payments provided by Faraday without compensating Faraday.

89. Faraday has been damaged by Defendant Adient's failure to provide goods and services in an amount not less than $5 million dollars in an amount to be determined by trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Faraday prays for judgment against Defendant Adient, as follows:

    A.    For judgment against Adient in the amount of not less than $10 million dollars in an amount to be determined by trial, plus interest as allowed by law;

    B.    For attorneys' fees and costs as allowed by law; and,

    C.    Award of such other and further relief as this Court deems just and proper.

Dated: October 12, 2018

Paul L. Gale
Nicholas J. Schuchert
TROUTMAN SANDERS LLP

By: /s/ Paul L. Gale
      Paul L. Gale

Attorneys for Plaintiff
FARADAY&FUTURE INC.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38, Faraday demands a trial by jury on all issues so triable.

Dated: October 12, 2018

Paul L. Gale
Nicholas J. Schuchert
TROUTMAN SANDERS LLP

By: /s/ Paul L. Gale
    Paul L. Gale

Attorneys for Plaintiff
FARADAY&FUTURE INC.