1 PAUL L. GALE, Bar No. 065873
  paul.gale@troutman.com
2 LAUREN E. GROCHOW, Bar No. 293601
  lauren.grochow@troutman.com
3 TROUTMAN SANDERS LLP
  5 Park Plaza, Suite 1400
4 Irvine, CA 92614-2545
  Telephone: 949.622.2700
5 Facsimile: 949.622.2739

6 MACKENZIE LEE WILLOW-JOHNSON, *admitted pro hac vice*
7 mackenzie.willowjohnson@troutman.com
  TROUTMAN SANDERS LLP
8 301 S College Street, 34th Floor
  Charlotte, NC 28202
9 Telephone: 704.998.4050

10 Attorneys for Plaintiff
   FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FARADAY&FUTURE INC., | Case No. 2:18-cv-8807-DSF (MRWx) |
| Plaintiff, | Honorable Dale S. Fischer |
| v. | **STIPULATED PROTECTIVE ORDER** |
| ADIENT PLC, individually and as successor-in-interest to FUTURIS AUTOMOTIVE (US) INC., d/b/a FUTURIS GROUP; and ADIENT US LLC, | **[DISCOVERY MATTER REFERRED TO MAGISTRATE JUDGE MICHAEL R. WILNER]** |
| Defendants. | |

39562860

STIPULATED PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Thus, after conferring on these matters, plaintiff Faraday&Future Inc. ("Faraday") and defendants Adient PLC, individually and as alleged successor-in-interest to Futuris Automotive (US) Inc. ("Futuris") and Adient US LLC ("Adient US," together with Futuris, "Adient"), stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. To the extent this Order does not address certain issues, those issues remain open for resolution in a separate order, either negotiated by the Parties or ordered by the Court. Nothing in this Order alters either party's rights, obligations, and responsibilities under the Federal Rules of Civil Procedure.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other

things, confidential business information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case law precedent, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in conducting trial, and to address the handling of such material at the end of the litigation, a protective order for such information is justified in this matter. It is the intent of the parties that the information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the pubic record of this case.

## 3. DEFINITIONS

3.1 <u>Action</u>: the above-captioned matter, *Faraday&Future Inc. v. Adient PLC, individually and as successor-in-interest to Futuris Automotive (US) Inc., and Adient US LLC*, Case No. 2:18-cv-8807-DSF (MRWx).

3.2 <u>Native Format or Native File</u>: means the associated file format defined by the original application with which an electronic file was created. For example, the Native Format associated with a Microsoft Word 2007 file is .docx and the Native Format associated with an Adobe Acrobat file is .pdf.

3.3 <u>Discoverable Information</u>: for the purposes of this Order only, the term "discoverable information" shall mean all documents (anything subject to production or inspection under Federal Rule of Civil Procedure 34(a)) and electronically stored information (any information or data that is originally created,

manipulated or used, communicated, and stored in digital format) that are discoverable in this litigation pursuant to the Federal Rules of Civil Procedure.

3.4 <u>Preserve or Preservation</u>: for purposes of this Order, "preserve" and "preservation" shall mean to keep and not alter any discoverable information as to its form and content. In the case of an electronic file, "preserve" and "preservation" shall mean to retain the original file (including its file and application metadata) or a forensically sound copy of that file. A forensically sound copy shall mean a copy made by a method that does not alter the file and application metadata identified in Exhibit A associated with that electronic file.

3.5 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

3.6 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.7 <u>Outside Counsel:</u> the attorneys and employees of any external law firm representing a Party to this Action.

3.8 <u>In-House Counsel:</u> the attorneys who are employees of a party to this Action.

3.9 <u>Professional Vendors:</u> persons or entities that provide litigation support services (*e.g.* photocopying, videotaping, translating, preparing exhibits or demonstratives, jury analysis, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.10 <u>Producing Party:</u> a Party or Non-Party which is producing Discoverable Information.

3.11 <u>Receiving Party:</u> a Party which is receiving Discoverable Information.

3.12 <u>Privileged Information:</u> Documents or ESI protected from disclosure by the attorney client privilege, work product protection, or other applicable protections or privileges.

3.13 <u>"CONFIDENTIAL" Information or Items:</u> Discoverable Information that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified in the Good Cause Statement.

3.14 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u> extremely sensitive Discoverable Information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.15 <u>Protected Material:</u> any Discoverable Information that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16 <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of Discoverable Information under this Order.

3.17 <u>Designating Party:</u> a Party or Non-Party that designates Discoverable Information that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**4. SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, translations, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Outside Counsel or In-House Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

**5. DURATION**

The Parties shall meet and confer regarding the treatment of Protected Material for the purposes of trial before the final pretrial conference. The Protected Material obligations shall remain in effect until a Designating Party agrees otherwise in writing or court order otherwise directs. Final disposition of the

Action shall mean the later of (1) dismissal of all claims and defenses, with or without prejudice, and (2) final judgment is entered after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law. Within ninety days of the final disposition of the Action, the Parties shall return all Protected Material to the Producing Party or destroy such material.

**6. DESIGNATING PROTECTED MATERIAL**

6.1 Each Designating Party must take care to limit any such designation to specific material that qualifies as Protected Material. To the extent it is practical to do so, the Designating Party must designate only those parts of Discoverable Information that qualify as Protected Material. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.* to unnecessarily encumber the case development process or to impose unnecessary burden and expense upon another Party) may expose the Designating Party to sanctions. The designation of material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be used when the "CONFIDENTIAL" designation clearly protects the interest of the Designating Party. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that is it withdrawing the designation.

6.2 Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discoverable Information that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

6.3 Designation in conformity with this Order requires:

(a) <u>for information in documentary form:</u> (*e.g.* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.* by making appropriate markings on the margins) and must specify for each portion the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page or portion that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial proceedings:</u> for testimony given in deposition or in other pretrial proceedings, that the Designating Party either (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted or (ii) notify counsel for all parties in writing of the specific portions of the testimony as to which protection is sought and the level of protection being asserted no later than 21 days following receipt by that party of the "read and sign" copy of the transcript.

While Protected Material is being used at a deposition, no person to whom the Protected Material may not be disclosed under this **Order** shall be present.

While Protected Material is being used at a hearing or other proceeding, either Party may request that the courtroom be closed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.4 <u>Failures to Designate</u>. A failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a

Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.

7.2     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 5 above.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action,

as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the Receiving Party's In-House Counsel;

    (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and,

    (g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

9.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)  promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCE IN THIS ACTION**

  10.1 The terms of this **Order** are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and belief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  10.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (b) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (c) make the information requested available for inspection by the Non-Party.

    10.3 If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of privileged or work-product documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and upon notice of such production by the Producing Party, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Furthermore, this provision is not intended to limit a Party's right to conduct a review of documents, electronically stored information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 13. MISCELLANEOUS

13.1 <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

at issue.  It shall be the Designating Party's burden to show that the Protected Material should be filed under seal.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  August 14, 2019

TROUTMAN SANDERS LLP
Paul L. Gale
Lauren E. Grochow
Mackenzie Lee Willow-Johnson
*(admitted pro hac vice)*

By:  /s/ Paul L. Gale
     Paul L. Gale

Attorneys for Plaintiff
FARADAY&FUTURE INC.

Dated:  August 14, 2019

FOLEY & LARDNER LLP
Ann Marie Uetz
Nicholas J. Ellis
Jessica N. Walker

By:  /s/ Nicholas J. Ellis
     Nicholas J. Ellis

Attorneys for Defendants
ADIENT PLC and ADIENT US LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  August 16, 2019

Hon. Michael R. Wilner
United States Magistrate Judge

39562860 - 15 -
STIPULATED PROTECTIVE ORDER

## ATTESTATION

Pursuant to L.R. 5-4.3.4, Paul L. Gale hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Paul L. Gale
Paul L. Gale

# EXHIBIT A

Acknowledgment and Agreement to Be Bound" (Exhibit A)

I, _____ [print or type full name], of
_____
[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Faraday&Future Inc. v. Adient PLC, individually and as successor-in-interest to Futuris Automotive (US) Inc., and Adient US LLC*, Case No. 2:18-cv-8807-DSF (MRWx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____